UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JUDY SOTO,<br>*Plaintiff*<br><br>v.<br><br>DANNY HERMAN TRUCKING, INC.,<br>JOHN DOE,<br>*Defendants* | §<br>§<br>§<br>§   Case No.  SA-25-CA-01645-XR<br>§<br>§<br>§<br>§ |

## ORDER

On this date, the Court considered Defendant Danny Herman Trucking, Inc.'s Motion to Lift Default (ECF No. 8) and Motion for Leave to File a Late Answer (ECF No. 9). After careful consideration, the Motions are **GRANTED**.

### BACKGROUND

Plaintiff filed this vehicle-accident case on December 4, 2025. ECF No. 1. Plaintiff served Defendant Danny Herman Trucking, Inc. ("Danny Herman") on December 10, 2025. ECF No. 5. Danny Herman informed its insurer of the lawsuit on December 15, 2025. ECF No. 8-1. Danny Herman did not file an answer by its December 31, 2025, deadline to do so, FED. R. CIV. P. 12(a)(1)(A), so Plaintiff moved for default on January 2, 2026. ECF No. 6. The Clerk entered default on January 5, 2026. ECF No. 7. On January 9, 2026, Danny Herman moved to lift default (ECF No. 8) and for leave to file a late answer (ECF No. 9).

### DISCUSSION

Under Rule 55(c), courts may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "The factors to be considered include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary[;] (3) whether a meritorious defense is presented; and (4) whether the defendant acted expeditiously to correct the default." *Malibu Media LLC v.*

*Eddleman*, No. SA-19-CV-622-XR, 2020 WL 6265347, at *1 (W.D. Tex. Apr. 13, 2020). These factors are nonexclusive, *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.* 346, F.3d 552, 563 (5th Cir. 2003), and a "district court need not consider all of" them. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).

"[C]ourts favor trial on the merits[,]" and "default judgments are 'generally disfavored.'" *Malibu Media*, 2020 WL 6265347, at *1 (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). "Unless it appears that no injustice results from the default, relief should be granted." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018).

There is no reason to think Danny Herman's default was willful. It notified its insurer of this suit three business days after receiving service. The insurer did not retain defense counsel until January 7, 2026, due to inadvertence and holiday-related absences. ECF No. 8-1. And "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (citation omitted). Because the default here was not willful, there is no prejudice to Plaintiff in setting aside the default, and Danny Herman acted expeditiously to correct the default, the Court **SETS ASIDE** the Clerk's Entry of Default (ECF No. 7).

Danny Herman also moves for leave to file a late answer (ECF No. 9). A Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). To determine whether a failure to act was because of excusable neglect, courts weigh: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024) (alteration in original).

As noted above, there is no prejudice in allowing Danny Herman to defend against this case. Further, the length of the delay here was short, the reasons for delay were the insurer's inadvertence and certain holiday-related work absences, and there is no reason to doubt Danny Herman's good faith. As such, Danny Herman's neglect in failing to timely file an answer is excusable.

## CONCLUSION

For the foregoing reasons, Danny Herman Trucking, Inc.'s Motion to Lift Default (ECF No. 8) and Motion for Leave to File a Late Answer (ECF No. 9) are **GRANTED**.

The Court **SETS ASIDE** the Clerk's Entry of Default (ECF No. 7).

The Clerk is **DIRECTED** to file the Answer and any exhibits thereto (ECF No. 9-1).

It is so **ORDERED**.

**SIGNED** this 12th day of January, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE