**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JUDY SOTO, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-25-CA-01645-XR |
| | § | |
| DANNY  HERMAN  TRUCKING,  INC., | § | |
| JOHN DOE, | § | |
| *Defendants* | § | |

**ORDER**

On this date, the Court considered Plaintiff Judy Soto's Opposed Motion for Leave to File an Amended Complaint (ECF No. 20) and Defendant's Response (ECF No. 21).  After careful consideration, the Motion is **GRANTED.**

In this personal injury case arising out of a motor-vehicle accident, Plaintiff Judy Soto seeks leave to file an amended complaint.  The Amended Complaint includes "additional specific allegations regarding the culpability of the Defendants, the nature and circumstances of the collision, and the damages sustained by Plaintiff."  ECF No. 20 at 1.  It also adds the driver of the other vehicle involved in the collision, Shawn Timothy Waldmann, as a defendant in place of "John Doe."  ECF No. 20 at 1–2.

Defendant Danny Herman Trucking opposes the motion, arguing that that certain added allegations are futile and unduly prejudicial.  ECF No. 21 at 2.  In particular, Defendant objects to allegations that (1) Waldmann had an adverse driving history; (2) Waldmann drove long hours; (3) Waldmann had sleep apnea, which can cause drowsiness; (4) Waldmann was using a mobile electronic device while driving; (5) Danny Herman was directly negligent; and (6) both Waldmann and Danny Herman were grossly negligent.  ECF No. 21 at 2 (citing portions of the proposed Amended Complaint).

1

Under Federal Rule of Civil Procedure 15(a)(2), "the [C]ourt should freely give leave [to amend a pleading] when justice so requires." The Rule "'evinces a bias in favor of granting leave to amend,' unless there is a substantial reason to deny leave to amend." *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 677 (5th Cir. 2025) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)). One such "substantial reason" to deny leave is "futility of amendment." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Still, "decisions concerning motions to amend are 'entrusted to the sound discretion of the district court.'" *United States ex rel Gage v. Rolls-Royce N. Am., Inc.*, 760 Fed. Appx. 314, 318 (5th Cir. 2019) (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

Defendant's arguments come down to this: First, one of Plaintiff's new allegations is not supported by fact. And second, Plaintiff's claims for direct negligence against Danny Herman and her gross-negligence claims lack merit. As to the first concern, whether an allegation in a pleading is true is generally a question for a later posture. As to the second concern, Plaintiff's direct-negligence claims against Danny Herman and her gross-negligence claims are already in this suit, and Defendant has not moved to dismiss them. The Court declines to transform a brief in opposition to a motion to amend the complaint into a motion to dismiss. Defendant does not object to substituting Shawn Timothy Waldmann for John Doe, and the remaining changes to the complaint simply add factual allegations to claims that are already in this suit.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to File an Amended Complaint is **GRANTED.**

The Clerk is **DIRECTED** to file Plaintiff's First Amended Complaint (ECF No. 20-1) and to substitute Shawn Timothy Waldmann in place of "John Doe" as a defendant in this case.

It is so **ORDERED**.

**SIGNED** this 17th day of April, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE